DMP:JAM
F. #2022R00179

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   OCTOBER 27, 2023   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against –

NIKITA ARKHIPOV,
NIKOLAY GRIGOREV and
ARTEM OLOVIANNIKOV,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-429
(T. 13, U.S.C., §§ 305(a)(1) and
305(a)(3); T. 18, U.S.C., §§ 371,
554(a), 981(a)(1)(C), 1349, 2 and
3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

Judge Nicholas G. Garaufis
Magistrate Judge Taryn A. Merkl

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Defraud the United States)

1.  In or about and between July 2019 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NIKITA ARKHIPOV, NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV, together with others, did knowingly and willfully conspire to defraud the United States by impairing, impeding, obstructing and defeating, through deceitful and dishonest means, the lawful functions of the U.S. Department of Commerce's Bureau of Industry and Security, an agency of the United States, in the enforcement of export laws and regulations, and the issuance of licenses relating to export of goods and the provision of financial services.

2.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants NIKITA ARKHIPOV,

NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about July 2, 2019, GRIGOREV and OLOVIANNIKOV established Quality Life Cue LLC ("QLC") at an address in Brooklyn, New York.

(b) On or about and between September 16, 2021 and September 17, 2021, ARKHIPOV and OLOVIANNIKOV exchanged messages in which they discussed placing an order with a Brooklyn-based electronics distributor (the "Brooklyn Company") and signing the contract using the alias "Justin Tucker" as the purported QLC chief financial officer.

(c) On or about September 19, 2021, an email account with the subscriber name "Qualitycuellc Team" (the "QLC Email Account") was created for use by ARKHIPOV and others in Russia.

(d) On or about and between October 22, 2021 and February 22, 2022, a QLC bank account in Brooklyn, New York received wire transactions totaling approximately $272,830.40 from OOO SMT-iLogic[1] ("SMT-iLogic"), a Russia-based technology company that was sanctioned by the U.S. government on May 19, 2023 and that the U.S. Department of the Treasury Office of Foreign Assets Control identified as part of the supply chain for producing Russian military drones used in Russia's war against Ukraine.

---

[1] "OOO" is the abbreviation for the Russian business entity type, "общество с ограниченной ответственностью," which means limited private company and is roughly the equivalent of a limited liability company or LLC in the United States.

    (e) On or about February 10, 2022, GRIGOREV created an account with the Brooklyn Company via its website and forwarded the registration confirmation to the QLC Email Account.

    (f) On or about February 24, 2022, the day Russia invaded Ukraine, GRIGOREV and OLOVIANNIKOV engaged in an electronic message exchange regarding sanctions and export restrictions imposed on Russia. Among the messages, OLOVIANNIKOV sent a news article to GRIGOREV regarding "export restrictions for Russia" on items such as "semiconductors, computers, telecommunications equipment, lasers and sensors." GRIGOREV responded, "and when does it come into effect? Ah, I see today."[2]

    (g) On or about March 1, 2022, an employee of SMT-iLogic sent an email to the QLC Email Account in which he stated, "I am requesting that you do not ship the cargo yet, the situation is uncertain."

    (h) On or about March 11, 2022, after GRIGOREV was advised by the Brooklyn Company that it would not fill orders that were destined for Russia or Belarus, ARKHIPOV, GRIGOREV and OLOVIANNIKOV engaged in an electronic message exchange in which they discussed possible countries to use as transshipment points to evade U.S. export restrictions and export U.S.-origin electronics to Russia, including Kazakhstan, which borders Russia.

    (i) On or about March 18, 2022, ARKHIPOV, GRIGOREV and OLOVIANNIKOV engaged in an electronic message exchange in which GRIGOREV

---

[2] Unless otherwise indicated, all quoted communications contained herein are translations of written or spoken Russia.

suggested arranging "a test order . . . a very small order" to illicitly ship U.S.-origin electronics to Russia through Kazakhstan.

(j) On or about March 21, 2022, GRIGOREV placed an order with the Brooklyn Company for a quantity of electronic components, listing the end user as a company in Kazakhstan (the "Kazakhstan Company").

(k) On or about March 25, 2022, ARKHIPOV, GRIGOREV and OLOVIANNIKOV engaged in an electronic message exchange in which ARKHIPOV referred to the March 21, 2022 order with the Brooklyn Company as a "test to check the legal entity itself. Fictitious order."

(l) On or about and between May 22, 2022 and May 24, 2022, the QLC Email Account sent GRIGOREV invoices listing SMT-iLogic as the recipient of electronic components purchased from the Brooklyn Company.

(m) On or about June 10, 2022, ARKHIPOV, GRIGOREV and OLOVIANNIKOV caused to be shipped approximately 25,000 electronic components to Estonia, which were then smuggled into Russia.

(n) On or about June 10, 2022, ARKHIPOV, GRIGOREV and OLOVIANNIKOV caused false and misleading Electronic Export Information (EEI) to be filed in connection with the shipment of electronic components to Estonia. Specifically, the EEI identified a company in Turkey as the ultimate consignee.

(o) On or about and between June 22, 2022 and July 13, 2022, the QLC Email Account placed three orders with the Brooklyn Company for various electronic components listing the Kazakhstan Company as the end user. GRIGOREV was carbon copied on the orders.

(p) On or about and between December 17, 2022 and December 19, 2022, ARKHIPOV and GRIGOREV engaged in an electronic message exchange in which they discussed negative press coverage of SMT-iLogic, with GRIGOREV forwarding a news article and stating, "they are already writing about your guys in articles about how Russia is getting American components for drones."

(q) On or about June 15, 2023, GRIGOREV stored a quantity of electronic components purchased from the Brooklyn Company.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Wire Fraud Conspiracy)

3. In or about and between July 2019 and June 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NIKITA ARKHIPOV, NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more U.S. companies and to obtain money and property from said companies by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: electronic communications, emails and other online communications and monetary transfers in and through the Eastern District of New York and elsewhere, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT THREE
(Smuggling Goods from the United States)

4. On or about June 10, 2022, within the Eastern District of New York and elsewhere, the defendants NIKITA ARKHIPOV, NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV, together with others, did fraudulently and knowingly export and send from the United States, merchandise, articles and objects, to wit: electronic components to the Russian Federation, contrary to laws and regulations of the United States, to wit: Title 13, United States Code, Section 305 and Title 15, Code of Federal Regulations, Part 30, and did fraudulently and knowingly receive, conceal and facilitate the transportation and concealment of such merchandise, articles and objects, prior to exportation, knowing the same to be intended for exportation contrary to such United States laws and regulations.

(Title 18, United States Code, Sections 554(a), 2 and 3551 et seq.)

## COUNT FOUR
(Failure to File and False Filing of Electronic Export Information)

5. On or about June 10, 2023, within the Eastern District of New York and elsewhere, the defendants NIKITA ARKHIPOV, NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV, together with others, did knowingly and willfully cause the filing of false and misleading Electronic Export Information through the Automated Export System relating to the export of commodities that had a value of more than $2,500 from the United States to the Russian Federation.

(Title 13, United States Code, Section 305(a)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO AND THREE

6. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

8. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 13, United States Code, Section 305(a)(3), which requires any person convicted of such offense to forfeit any of the person's: (a) interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation; (b) interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and/or (c) property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violation.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 13, United States Code, Section 305(a)(3); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R01707
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

NIKITA ARKHIPOV, NIKOLAY GRIGOREV and ARTEM OLOVIANNIKOV.

Defendants.

# INDICTMENT

T. 13, U.S.C., §§ 305(a)(1) and 305(a)(3); T. 18, U.S.C., §§ 371, 554(a), 981(a)(1)(C), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

Artie McConnell and Kate Mathews, Assistant U.S. Attorneys (718) 254-7000